# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:08CR276 |
| ) | |
| vs. ) | REPORT AND |
| ) | RECOMMENDATION |
| CAROLINE DOMANSKI, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant Caroline Domanski's (Domanski) motion to dismiss (Filing No. 11).[1] Domanski filed a brief (Filing No. 12) in support of her motion. The government filed a brief (Filing No. 13) in response to Domanski's motion. Domanski is charged in a two-count indictment with (1) executing or attempting to execute a scheme and artifice to defraud First Nebraska Educators & Employee Groups Credit Union (FNEEG), in violation of 18 U.S.C. § 1344 (2006) (Bank Fraud) (Count I); and (2) embezzling FNEEG funds in excess of $1,300,000, in violation of 18 U.S.C. § 656 (Embezzlement) (Count II).

## BACKGROUND

Domanski argues Count I of the indictment should be dismissed because it fails to state a crime and because the allegations constituting Count I are inextricably part of Count II. Domanski contends Count I states the method employed to carry out the allegations under Count II and allowing the government to proceed with Count I would subject Domanski to multiple punishments for the same offense, in violation of the double jeopardy clause of the U.S. Constitution. Domanski claims it is not possible to embezzle funds over a long period of time without perpetuating a scheme.

According to the indictment, the defendant executed a scheme to defraud FNEEG

---

[1] As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

by creating fictitious entries in various account ledgers and endorsed FNEEG checks and credit union slips for the purpose of fraudulently obtaining cash for personal use. **See** Filing No. 1, p. 2. Domanski attempted to conceal these transactions by preparing false entries into other account ledgers. *Id.* at 3. The indictment also alleges FNEEG is a credit union insured by the National Credit Union Share Fund. *Id.*

## ANALYSIS

### A.  Multiplicity

The Fifth Amendment states "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. "An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005). "The primary problem is that the jury can convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment." *United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008) (**quoting** *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2004)). "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

The federal bank fraud statute states:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice--
> (1) to defraud a financial institution; or
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.

18 U.S.C. § 1344.

Therefore, "to be convicted of bank fraud under § 1344, the Government had to prove that she knowingly executed or attempted to execute 'a scheme or artifice  (1) to

defraud a financial institution; . . . .'" *United States v. Pizano*, 421 F.3d 707, 721 (8th Cir. 2005) (**quoting** 18 U.S.C. § 1344). "[T]he term "financial institution" means . . . (2) a credit union with accounts insured by the National Credit Union Share Insurance Fund." 18 U.S.C. § 20.

Accordingly, bank fraud has three elements:

> One, the defendant knowingly executed, or attempted to execute, a scheme or artifice to defraud a financial institution or knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises;
> Two, the defendant did so with the intent to defraud; and
> Three, the financial institution was then insured [as provided by 18 U.S.C. § 20].

2A Fed. Jury Prac. & Instr. § 47.11.

Conversely Embezzlement has five elements:

> One: Defendant was an officer, director, agent, employee, or connected, in some capacity, with the Bank;
> Two: The Bank was a Federal Reserve bank, member bank, national bank or insured bank;
> Three: Defendant embezzled or wilfully misapplied the monies, funds or credits of the bank;
> Four: Defendant did so with the intent to injure or defraud the bank; and
> Five: The amount embezzled or misapplied was more than $1000.00.

2 Fed. Jury Prac. & Instr. § 33.03.

While bank fraud and embezzlement share a common element, the intent to defraud, both crimes have at least one element unique from the other. Bank fraud requires the defendant execute, or attempt to execute, a scheme to defraud; embezzlement does not. Embezzlement requires the amount embezzled to exceed $1000.00; bank fraud does not. Because each offense requires proof of a fact the other does not, under the ***Blockburger*** test, there are two offenses and the counts are not multiplicitous. Additionally, the Fifth and Ninth Circuits have heard cases charging a defendant with violating 18 U.S.C. §§ 656 and 1344. **See** *United States v. Henderson*, 9 F.3d 919 (5th

Cir. 1994); *United States v. Wolfswinkel*, 44 F.3d 782 (9th Cir. 1995). Both courts applied the **Blockburger** test and found each count contained an element that the other did not and therefore was not multiplicitous.

Rather than focusing on the elements of the crimes charged, Domanski argues it is impossible to embezzle funds over an alleged fifteen-year period without perpetuating a scheme. However, a "scheme to defraud" is not a required element of embezzlement. Embezzlement is "the voluntary and intentional taking, or conversion to one's own use, of the property of another, which property came into the defendant's possession lawfully, by virtue of some office, employment, or position of trust which the defendant held." Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit (2008) at 162. In contrast, a scheme to defraud is "any plan or course of action intended to deceive or cheat another out of [money, property or property rights] by [employing material falsehoods] [concealing material facts] [omitting material facts]" and includes "the obtaining of [money or property] from a financial institution by means of material false representations or promises." *Id.* at 251. Under 18 U.S.C. § 656 it is not required to prove the defendant perpetuated a scheme to prove embezzlement; it is only required to prove a single taking or conversion of funds.

Because 18 U.S.C. §§ 656 and 1344 each have an element the other does not, and because "embezzlement" does not require a "scheme to defraud," Domanski was not charged with multiplicitous counts and was not subjected to double jeopardy. Accordingly, Domanski's motion to dismiss based on Count I being inextricably a part of Count II should be denied.

**B.    Failure to State a Crime**

"[A]t any time while the case is pending, the court may hear a claim that the indictment . . . fails to . . . state an offense." Fed. R. Crim. P. 12(b)(3)(B). An indictment states an offense if it "contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). In reviewing

a motion to dismiss, allegations within the indictment are taken as true. Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952).

As outlined above, the elements of Bank Fraud are

> One, the defendant knowingly executed a scheme or artifice to defraud a financial institution or knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of a financial institution by means of material false or fraudulent pretenses, representations or promises; Two, the defendant did so with the intent to defraud; and Three, the financial institution was then insured [as provided by 18 U.S.C. § 20].

2A Fed. Jury Prac. & Instr. § 47.11.

The indictment alleges the defendant executed a scheme to defraud FNEEG by creating fictitious entries into various ledger accounts, making cash withdrawals from FNEEG's vault, endorsing FNEEG checks and credit union slips for the purposing of cashing them for personal use, and concealing the transactions by preparing false entries in other account ledgers. The indictment also alleges these actions were done with the intent to defraud and that FNEEG is a credit union whose deposits are insured by the National Credit Union Share Insurance Fund. Because the indictment contains factual allegations in support for each of the legal elements of bank fraud, and the allegations are taken as true, the defendant's motion to dismiss based on a failure to state a crime should be denied. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

Caroline Domanski's motion to dismiss (Filing No. 11) be denied.

## ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing

such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 30th day of September, 2008.

                                          BY THE COURT:

                                          s/Thomas D. Thalken
                                          United States Magistrate Judge